UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE R. HALL, Plaintiff, v. STATE OF NEVADA, Defendant. | Case No. 2:26-cv-00435-MMD-BNW<br>ORDER |

## I. DISCUSSION

Pro se Plaintiff Rickie R. Hall initiated this case with a motion for enlargement of time and a motion for appointment of counsel. (ECF Nos. 1-1, 1-2). Plaintiff subsequently filed a complaint. (ECF No. 5). When an inmate initiates a new case, the Clerk of the Court normally sends the inmate an advisory letter explaining some key aspects of the legal process. For some reason, possibly because Plaintiff initiated this case without a complaint, that letter was never sent. The Court will direct the Clerk of the Court to send Plaintiff that advisory letter now. Among the key details included in the advisory letter are that before the complaint can be served on any Defendants, it must be screened by the Court. The Court has a heavy docket and there is a long backlog of cases in line for screening. This case will not be screened for several months.

The advisory letter also explains that plaintiffs should not file multiple motions because it strains the Court's resources and delays the Court from screening the complaint. It also notes that the Court may impose sanctions on parties who engage in such litigation tactics.

This case has not yet been screened or served on the Defendants, and yet Plaintiff has already filed 26 motions. This includes three motions for appointment of counsel, two motions for a preliminary injunction, and many motions for enlargement of time, production of documents, interrogatories, to introduce exhibits, or other discovery issues.

(ECF Nos. 1-1, 1-2, 3, 6, 7, 10, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32).

As to Plaintiff's motions for appointment of counsel, A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff's first two motions for appointment of counsel are a standard form request for appointment of counsel in a criminal case. (ECF Nos. 1-2, 3). In his third motion, Plaintiff states that his imprisonment will limit his ability to litigate this case because he has limited access to the law library and limited knowledge of the law. (ECF No. 20 at 2). Plaintiff also states that he cannot afford counsel. (*Id.*) These are not exceptional circumstances. Rather, they are circumstances common to virtually every prisoner who brings a civil rights case. *See Baker v. Macomber*, No. 2:15-cv-00248-TLN-AC, 2020 WL 1182495, at *1 & n.2 (E.D. Cal. Mar. 12, 2020) (collecting cases establishing that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Furthermore, this case is currently awaiting screening, and Plaintiff does not need to file any further documents at this time. As such, Plaintiff has not established either the existence of exceptional circumstances warranting appointment of counsel or any immediate need for appointment of counsel. Therefore, the Court denies these motions without prejudice.

Plaintiff's various motions for enlargement of time, filing exhibits, production of documents, filing of interrogatories, or other discovery issues are all premature. This case is in line for screening. The Defendants have not yet been served. Plaintiff does not need to file any other documents, including exhibits, and the case is not yet at a stage for discovery. Accordingly, the Court denies all these motions (ECF Nos. 1-1, 6, 7, 12, 13, 14, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32) without prejudice as premature.

The Court defers a decision on Plaintiff's motions for a preliminary injunction. (ECF Nos. 10, 29). The Court will consider these motions when it screens Plaintiff's complaint.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motions for appointment of counsel (ECF Nos. 1-2, 3, 20) are **DENIED** without prejudice.

It is further ordered that Plaintiff's various motions for enlargement of time, filing exhibits, production of documents, filing of interrogatories, or other discovery issues (ECF Nos. 1-1, 6, 7, 12, 13, 14, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32) are all **DENIED** without prejudice as premature.

It is further ordered that the Court defers consideration of Plaintiff's motions for a preliminary injunction (ECF Nos. 10, 29).

It is further ordered that the Clerk of the Court is directed to send Plaintiff a copy of the Court's advisory letter.

DATED: July 20, 2026.

UNITED STATES MAGISTRATE JUDGE